# 2021-2166

In The

# United States Court Of Appeals
## For The Federal Circuit

# In re: JUSTIN SAMUELS, SAMUEL ROCKWELL

*Appellants.*

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE ORIGINATING CASE NO. 15/168,768**

---

## BRIEF OF APPELLANTS

---

**Todd Steven Sharinn, Esq.,**
**GILBRIDE, TUSA, LAST &**
**SPELLANE LLC**
**31 Brookside Drive**
**Greenwich, CT 06830**
**(203) 542-8418**
**tss@gtlslaw.com**

***Counsel for Appellants***

GibsonMOORE Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

## CLAIM LANGUAGE

1. An asymmetrical planar waffle product, comprising:

a first patterned baked surface that is a negative image of a first positive relief pattern in an associated first baking plate, and a second patterned baked surface that is a negative image of a second positive relief pattern in an associated second baking plate,

wherein said first and second patterned baked surfaces have been formed by exposing a waffle-forming material directly against said respective first and second positive relief patterns,

wherein said waffle-forming material is selected from the group consisting of batter and dough,

wherein said first positive relief pattern is a waffle pattern,

wherein said second positive relief pattern is a smooth surface, and

wherein at least one of said first and second baking plates further comprises a stop extending above said first and second positive relief pattern to limit proximity of said baking plates to each other, thereby defining a chamber there between for receiving said waffle-forming material.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2021-2166

**Short Case Caption** In re: Samuels

**Filing Party/Entity** Justin Samuels & Samuel Rockwell

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/05/2021

Signature: /s/ Todd S. Sharinn

Name: Todd S. Sharinn

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Justin Samules | Waffle Waffle, LLC | |
| Samuel Rockwell | Waffle Waffle, LLC | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Robert C. Brown | Jesse J. Levitt | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**TABLE OF CONTENTS**

Page

CERTIFICATE OF INTEREST

TABLE OF CONTENTS....................i

TABLE OF AUTHORITIES.................... iii

STATEMENT OF RELATED CASES....................1

JURISDICTIONAL STATEMENT....................1

STATEMENT OF THE ISSUES....................1

STATEMENT OF THE CASE....................2

BACKGROUND....................2

I. Description of the Present Application and the Claims on Appeal....................2

II. Outstanding Rejections....................3

III. The Prior Art....................4

a. Krepshaw....................4

b. The Emerson Big Boss Grill & Product Literature (the "Big Boss Grill Literature")....................5

c. Freeman....................6

IV. Procedural History....................6

a. The Examiner's Rejections....................6

b. The Board's Error in Rendering Its Ruling....................8

SUMMARY OF THE ARGUMENT....................10

ARGUMENT ....................................................................................................10

I. Standard of Review ....................................................................................10

II. The Board Committed Judicial Error ........................................................11

a. Applicants Were Afforded No Adequate Opportunity to Argue Krepshaw in View of Freeman..................................................................11

b. The Board Improperly Excluded Permissible and Valuable Evidence ......................................................................................................13

III. The Board Did Not Support the Finding of Obviousness With Adequate Evidentiary Basis. ......................................................................16

a. The Skilled Artisan Would Have Had No Reasonable Expectation of Successfully Producing a Smooth-Sided Waffle By Combining the Cited References...................................................................................16

b. Applicants' Invention Produces Unexpected Results in View of the Prior Art..........................................................................................................22

c. The Cited Prior Art Teaches Away ........................................................24

CONCLUSION..............................................................................................26

REASONS TO GRANT ORAL ARGUMENT ......................................................26

ADDENDUM

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ariosa Diagnostics v. Verinata Health, Inc.*,
805 F.3d 1359 (Fed. Cir. 2015) ....................11

*Belden Inc. v. Berk-Tek LLC*,
805 F.3d 1064 (Fed. Cir. 2015) ....................11, 12

*In re Chu*,
66 F.3d 292, 36 USPQ2d 1089 (Fed. Cir. 1995) ....................13

*In re Clinton*,
527 F.2d 1226 (CCPA 1976) ....................17, 18, 20

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
676 F.3d 1063 (Fed. Cir. 2012) ....................16

*In re De Blauwe*,
736 F.2d 699, 222 USPQ 191 (Fed. Cir. 1984) ....................14

*In re Dow Chem. Co.*,
837 F.2d 469 (Fed. Cir. 1988) ....................17, 20

*In re Fulton*,
391 F.3d 1195 (Fed. Cir. 2004) ....................24

*In re Gartside*,
203 F.3d 1305 (Fed. Cir. 2000) ....................11

*In re Gurley*,
27 F.3d 551 (Fed. Cir. 1994) ....................24

*Hamilton Beach Brands v. f'real! Foods, LLC*,
908 F.3d 1328 (2018) ....................11, 12

*In re Hedges*,
783 F.2d 1038 (Fed. Cir. 1986) ....................7, 8, 25

*In re Huang*,
100 F.3d 135, 40 USPQ2d 1685 (Fed. Cir. 1996)........................................14

*Innovation Toys, LLC v. MGA*,
611 F. App'x 693 (Fed Cir. 2015)..............................................................21

*Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*,
821 F.3d 1359 (Fed. Cir. 2016)..........................................................11, 17

*L.A. Biomedical Research Inst. At Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.*,
849 F. 3d 1049 (Fed. Cir. 2017)...............................................................21

*In re Nuvasive, Inc.*
842 F.3d 1376 (Fed. Cir. 2016)................................................................11

*PersonalWeb Techs., LLC v. Apple, Inc.*,
917 F.3d 1376 (Fed. Cir. 2019)................................................................10

*In re Piasecki*,
745 F.2d 1468, 223 USPQ 785 (Fed. Cir. 1984)..........................................13

*Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*,
856 F.3d 1019 (Fed. Cir. 2017)................................................................11

*In re Soni*,
54 F.3d 746, 34 USPQ2d 1684 (Fed. Cir. 1995)....................................13, 22

*Stratoflex, Inc. v. Aeroquip Corp.*,
713 F.2d 1530 (Fed. Cir. 1983)................................................................13

*Syntex (U.S.A.) LLC v. Apotex, Inc.*,
407 F.3d 1371 (Fed. Cir. 2005)................................................................24

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)................................................................16

*W.L. Gore & Assocs., Inc. v. Garlock*,
721 F.2d (Fed. Cir. 1983)...................................................................20, 25

**Statutes**

5 U.S.C. § 556(b)(3) .......... 11

5 U.S.C. § 556(c) .......... 11

5 U.S.C. § 556(d) .......... 11

28 U.S.C. § 1295(a)(4)(A) .......... 1

35 U.S.C. § 6(b) .......... 1

35 U.S.C. § 103 .......... *passim*

35 U.S.C. 103(a) .......... 7

35 U.S.C. § 141 .......... 1

35 U.S.C. § 142 .......... 1

**Other Authorities**

37 C.F.R. § 1.132 .......... 13

37 C.F.R. § 90.3(a) .......... 1

Fed. R. Evid. 201(b)(2) .......... 15

MPEP § 1207.02 .......... 12

MPEP § 1207.03 .......... 12

MPEP § 1207.03 (I) .......... 12

MPEP § 1207.03 (II) .......... 12

MPEP § 2145 .......... 13, 14

## STATEMENT OF RELATED CASES

This is an appeal from the Patent Trial and Appeal Board's (the "Board") Decision on Appeal. No other appeal from this proceeding has previously been before this Court or any other Court. There are no pending cases known to counsel that would directly affect or be affected by this Court's decision in the pending Appeal.

## JURISDICTIONAL STATEMENT

This case is appealed from a final decision of the Board rendered on May 20, 2021. Appx1-7. The Board affirmed the rejection of Applicants' pending patent claims under 35 U.S.C. § 103 as unpatentable over the prior art. *Id.* The Board had subject-matter jurisdiction over the appeal from the Examiner's rejection under 35 U.S.C. § 6(b). A Notice of Appeal to this Court was timely filed and served on the Director of the United States Patent and Trademark Office on July 22, 2021, pursuant to 35 U.S.C. § 142 and 37 C.F.R. § 90.3(a). Appx375-376. This Court has jurisdiction under 35 U.S.C. § 141 and 28 U.S.C. § 1295(a)(4)(A).

## STATEMENT OF THE ISSUES

I. Whether the Board erred by failing to consider the Big Boss Grill Manual?

II. Whether the Board erred by failing to consider secondary considerations advanced by Applicants?

III. Whether the Board erred by maintaining the Examiner's shift of the referenced prior art from Krepshaw singularly to Krepshaw in view of Freeman?

IV. Whether the Board erred by failing to support its conclusion that the claims would have been obvious over the combined teachings of Krepshaw and Freeman by failing to provide an adequate evidentiary basis?

V. Whether the Board erred in concluding that Applicants' claimed invention was obvious over the combined teachings of Krepshaw and Freeman?

## STATEMENT OF THE CASE

## BACKGROUND

### I. Description of the Present Application and the Claims on Appeal.

Applicants' claimed invention is directed to an asymmetrical planar bread food product. The claimed subject matter is directed to such a product, which might otherwise be called a one-sided waffle, having one side with a smooth surface and one side with a waffle pattern. Claim 1, reproduced below, is illustrative of the claimed inventions subject matter:

> 1. An asymmetrical planar waffle product, comprising:
> a first patterned baked surface that is a negative image of a first positive relief pattern in an associated first baking plate, and a second patterned baked surface that is a negative image of a second positive relief pattern in an associated second baking plate,

> wherein said first and second patterned baked surfaces have been formed by exposing a waffle-forming material directly against said respective first and second positive relief patterns,
>
> wherein said waffle-forming material is selected from the group consisting of batter and dough,
>
> wherein said first positive relief pattern is a waffle pattern,
>
> wherein said second positive relief pattern is a smooth surface, and
>
> wherein at least one of said first and second baking plates further comprises a stop extending above said first and second positive relief pattern to limit proximity of said baking plates to each other, thereby defining a chamber there between for receiving said waffle-forming material. Appx325.

Applicants' claimed invention is an improvement on the current known art as it provides for a waffle product cooked in a single step, wherein a waffle pattern is baked into the surface of a first side and a different pattern, namely, a smooth surface, is baked into the surface of the opposite side. Thus, Applicants' invention satisfies a long-standing need to overcome the shortcomings of the known arts' inferior one-sided waffle product.

## II. Outstanding Rejections.

The Board affirmed the rejection of Applicants' pending patent claims under 35 U.S.C. § 103 as unpatentable over Brian Krepshaw, "Mix-and-match grill begs for mixing, not matching" CNET (02 February 2010) https://www.cnet.com/news/mix-and-match-grill-begs-for-mixing-not-matching/ ("Krepshaw") in view of United States Patent No. 3,799,047 ("Freeman")[1]. Appx1-7.

[1] Freeman was only relied upon after Applicants filed their Appeal Brief. *See infra.*

## III. The Prior Art.

The Prior art relied upon in this Appeal by the Examiner and the Board is limited to three references.

### a. Krepshaw.

The principal prior art reference Krepshaw, was relied upon by the Board and the Examiner in concluding the Applicants' claimed invention is unpatentable as obvious. Krepshaw is a review article of the Emerson Big Boss Grill. Applicants contend that Krepshaw is not a valid reference because the teachings, by Krepshaw's own admission, are the product of pure speculation and there would thus be no motivation to even attempt to reduce the same to practice.

Indeed, Krepshaw never suggests specifically to use a smooth-faced grill plate in combination with a waffle grill plate, as held by the Examiner and affirmed by the Board. The only specific suggestion mentioned by Krepshaw is that any of the non-waffle grill plates might be used in combination with a waffle grill plate, e.g., a doughnut grill plate. Further, Krepshaw is uncertain whether combining dissimilar grill plates in a Big Boss Grill would "just end up being a messy batter explosion" or would yield a single-sided waffle in accordance with Applicants' claimed invention. Appx211. What is certain, is that Krepshaw has never tried to make a single-sided waffle using a Big Boss Grill.

**b. The Emerson Big Boss Grill & Product Literature (the "Big Boss Grill Literature").**

Although cited multiple times throughout the prosecution of Applicants' claimed invention, the Board and the Examiner failed to consider the Big Boss Grill Literature, namely the Big Boss Grill User Manual, in concluding that Applicants' claimed invention was unpatentable as obvious. Indeed, the Big Boss Grill Literature was referred to in, among other prosecution documents, (1) Applicant's Response After Final Rejection, filed on August 22, 2019 (*see* Appx287 and Appx289), (2) Applicant's Amended Response After a final Office Action Filed Under AFCP 2.0, filed on September 12, 2019 (*see* Appx305 and Appx307), and (3) Applicant's Brief on Appeal, filed on September 23, 2019 (*see* Appx315, Appx318, and Appx323). Contrary to the Board's determination, the Big Boss Grill Literature had been placed into the record on multiple occasions during the prosecution of the patent application.

The Big Boss Grill comprises six pairs of removable, patterned upper and lower grilling plates designated griddle, grill, sandwich, waffle, donut, and omelet plates. Moreover, as taught by the Big Boss Grill Literature, the sole function of each plate is to form a first surface of a food product identical to the second surface of that food product. Appx446-452. By extolling the virtues of using the removable plates only in identical pairs, the Big Boss Grill Literature teaches away from using two plates having different patterns.

**c. Freeman.**

Freeman was relied upon by the Board and the Examiner in concluding the Applicants' claimed invention was unpatentable as obvious. However, as explained in further detail below, Freeman was cited by the Examiner in an Advisory Action, <u>after</u> Applicants had already submitted their Appeal Brief.

Freeman is cited as teaching the use of batter to form waffles. The Examiner and the Board rely on Freeman to determine that it would have been obvious to make the waffles described by Krepshaw using batter because batter is a conventional waffle forming material.

## IV. Procedural History.

**a. The Examiner's Rejections.**

United States Patent Application Serial No. 15/168,768 titled "ASYMMETRICALLY PATTERNED BAKED BREAD FOOD" was filed as a nonprovisional patent application on May 31, 2016. Appx11-28. Applicants on many occasions during prosecution set forth multiple bases for reversing the Examiner's finding of obviousness, all of which were ultimately denied by the Examiner. A Final Office Action was issued on July 25, 2019, against the claimed invention on the basis of 35 U.S.C. § 103. Appx257-266. In the Final Office Action, the Examiner found that the Applicants' claimed invention was unpatentable over Krepshaw singularly. *Id*. Specifically, the Examiner concluded

that Krpeshaw teaches forming a "one-sided" waffle using one traditional plate and another plate to form the other side and as such, it would have been obvious to use a smooth plate to form the other side of the waffle in order to provide a different texture and waffle eating experience. *Id*.

In an August 28, 2019, Advisory Action, the Examiner appears to have implicitly shifted the rejection to Krepshaw in view of Big Boss Grill: "[h]owever, the office maintains that it would have been obvious in view of Krepshaw to form the claimed 'asymmetrically patterned baked bread food' since Krepshaw teaches forming a 'one sided waffle' with the interchangeable baking plates of the Big Boss Grill". Appx292-294.

Applicants therefore filed the Appeal Brief on September 23, 2019, understanding that the claim was rejected over Krepshaw in view of Big Boss Grill. Appx311-332 ("[c]laim 1 stands rejected under 35 U.S.C. 103(a) in view of Krepshaw and Big Boss Grill"). Applicants asserted that the Examiner's obviousness rejection fails for at least three reasons:

> First, because the Big Boss Grill literature itself fails to teach the combination of baking plates claimed by Appellants and in fact implicitly teaches away from such combination. *See In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986) (holding that proceeding contrary to accepted wisdom in the art represents "strong evidence of unobviousness.") ...
>
> Second, because experts in the art of two-sided grilling, when presented with the possibilities offered by the Big Boss Grill, either failed to see the potential configuration of grill plates defined by

> Appellants' claimed invention or more likely, simply attempted the combination and recognized that the combination failed to produce a desirable end product...
>
> Third, because a) the disclosure of Krepshaw is speculative at best and the plate combinations disclosed have never been reduced to practice; b) Krepshaw never teaches explicitly to combine a waffle plate with a griddle plate, only that a waffle plate may be combined with any one of the other plates, i.e., a grill plate, a griddle plate, a sandwich plate, a doughnut plate, or an omelet plate; and c) Krepshaw himself casts doubt on the results of any such combination. Thus, the Examiner's holding is purely speculative hindsight in view of the incomplete disclosure of Krepshaw. *Id.*

However, after Applicants filed the September 23, 2019 Appeal Brief, the Examiner changed the rejection to Krepshaw in view of Freeman in an Advisory Action issued on September 26, 2019. Appx335-336 ("... claim 1 is rejected over Krepshaw in view of Freeman"). The Examiner then maintained this rejection in her Answer to the Appeal Brief. Appx339-353. The Board then compounded this error when it maintained the 35 U.S.C. § 103 rejection of Krepshaw in view of Freeman because Applicants were prevented from arguing the newly raised rejection as the required reasonable notice was never afforded to Applicant.

**b. The Board's Error in Rendering Its Ruling.**

In its decision rendered on May 20, 2021, the Board affirmed the Examiner's rejection of Applicants' claimed invention as obvious under Krepshaw in view of Freeman pursuant to 35 U.S.C. § 103. *See* Appx1-7. In essence, the Board adopted all of the Examiner's findings as its own.

Specifically, the Board maintained the Examiner's shift of the referenced prior art to Krepshaw in view of Freeman, holding that the teachings of the Big Boss Grill Literature are not dispositive. *Id*. Further, notwithstanding Applicants' multiple references to the Big Boss Grill Literature throughout the prosecution of the claimed invention, the Board incorrectly found that such literature is not of record and therefore was not considered in the Board's ruling. *Id*. The Board still further concluded that the language in Krepshaw, specifically where Krepshaw states "[n]ow I don't know if trying to make one-sided waffles would just end up being a messy batter explosion, but I do know it's the first thing I'd try", plainly suggests making a one-sided waffle, despite Krepshaw's own expression of doubt on the success of such an endeavor. *Id*.

Still further, the Board found that Krepshaw specifically states that there is no reason to have a place on the "bottom" side of the one-sided waffle to hold butter and syrup which suggests that the "bottom" of the waffle would be smooth. Appx1-7. As to Applicants' arguments regarding a reasonable expectation of success, the Board fully adopted the Examiner's unsupportable conclusion that a person of skill in the art would have adjusted the amount, consistency, or depth of the batter to be able to make a claimed one-sided waffle, even if doing so created a mess. *Id*.

Ultimately, the Board Affirmed the Examiner's conclusion holding that Applicants had not demonstrated reversible error in the Examiner's Rejection. *Id*.

## SUMMARY OF THE ARGUMENT

The Examiner's finding that the Applicants' claimed invention is obvious, and the Board's Affirmation of that finding by the Examiner, suffer from major flaws. Krepshaw the sole purported expert that the Examiner relies on in rejecting Applicants' claims regarding a smooth-sided waffle product remarked, "Now I don't know if trying to make a one-sided waffles would just end up being a messy batter explosion . . ." Appx211. Yet, the inventors of the claimed invention did just that. They developed a waffle product where the second positive relief pattern is a smooth surface. The skepticism of the purported expert in waffle products demonstrates that the invention is the opposite of obvious. The Board's erroneous finding is to the contrary the product of a judicial error and finding of obviousness based entirely on speculation and unfounded leaps of faith.

## ARGUMENT

### I. Standard of Review.

Obviousness is a question of law that the Court reviews *de novo*, with underlying factual determinations reviewed for substantial evidence. *PersonalWeb Techs., LLC v. Apple, Inc.*, 917 F.3d 1376, 1381 (Fed. Cir. 2019). Factual findings include "the scope and content of the prior art, the differences between the prior art and the claimed invention, the level of ordinary skill in the art, the presence or absence of a motivation to combine or modify with a reasonable expectation of

success, and objective indicia of non-obviousness." *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1364 (Fed. Cir. 2015).

Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence. *In re Nuvasive, Inc.* 842 F.3d 1376, 1380 (Fed. Cir. 2016). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* On substantial-evidence review, the Court asks, "whether a reasonable fact finder could have arrived at the agency's decision' and requires examination of the 'record as a whole, taking into account evidence that both justifies and detracts from an agency's decision.'" *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1366 (Fed. Cir. 2016) *quoting In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000).

## II. The Board Committed Judicial Error.

### a. Applicants Were Afforded No Adequate Opportunity to Argue Krepshaw in View of Freeman.

This Court has held that the Board must: "timely inform[ ]" the parties of "the matters of fact and law asserted"; give the parties an opportunity to submit facts and arguments for consideration; and must permit each party to present oral and documentary evidence in support of its case or defense, as well as rebuttal evidence, 5 U.S.C. § 556(b)(3), (c) & (d). *See also Hamilton Beach Brands*, 908 F.3d at 1338; *Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*, 856 F.3d 1019, 1029 (Fed. Cir. 2017); *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1080 (Fed. Cir. 2015).

It is well settled that "pursuant to these provisions, the Board may not change theories midstream without giving the parties reasonable notice of its change." *Hamilton Beach Brands*, 908 F.3d at 1338 (*citing Belden*, 805 F.3d at 1080).

MPEP 1207.03 provides further guidance:

> **"**I. REQUIREMENTS FOR A NEW GROUND OF REJECTION
> Any new ground of rejection made by an examiner in an answer must be:
> (A) approved by a Technology Center (TC) Director or designee; and
> (B) prominently identified in the "Grounds of Rejection to be Reviewed on Appeal" section under the subheading "New Grounds of Rejection" of the answer (*See* MPEP § 1207.02). The examiner may use form paragraph 12.256.
> <u>The examiner's answer must provide appellant a two-month time period for reply</u>. The examiner may use form paragraph 12.279.01 to notify appellant of the period for reply and to include the approval of the TC Director or designee" (Emphasis added).

Here, the Examiner erred when she did not comply with MPEP 1207.03 (I) and 1207.03 (II) by first notifying the Applicants of the new ground of rejection, namely Krepshaw in view of Freeman, in her Advisory Action PTOL-303 with a mailing date of September 26, 2019, (". . . claim 1 is rejected over Krepshaw in view of Freeman"), and well <u>after</u> Applicants filed their Appeal Brief. *See* Appx311-332 and Appx335-336. Applicants were thereby not provided with the requisite two-month time period for reply.

The Board then compounded this error when it violated this maxim as elucidated in *Hamilton* by maintaining this 35 U.S.C. § 103 rejection of Krepshaw

in view of Freeman (*see* Appx6) ("First, as noted above, the rejection is over Krepshaw in view of Freeman, not Big Boss Grill."). Applicants were thereby prevented from arguing the newly raised rejection as no reasonable notice was given.

**b. The Board Improperly Excluded Permissible and Valuable Evidence.**

This Court has long held "[b]ecause the Board was required to consider the totality of the record, the Board was not free to disregard the evidence and arguments presented by [Applicant] in response to the obviousness rejection." *In re Chu*, 66 F.3d 292, 299, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995) (". . . the Board erred in apparently requiring Chu's evidence and arguments responsive to the obviousness rejection to be within his specification in order to be considered.) *See also Stratoflex*, 713 F.2d 1530, 1538–39 (Fed.Cir.1983) (". . . evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, not just when the decision maker remains in doubt after reviewing the art.").

Further, MPEP 2145 provides further guidance:

> "Rebuttal evidence and arguments can be presented in the specification, *In re Soni*, 54 F.3d 746, 750, 34 USPQ2d 1684, 1687 (Fed. Cir. 1995), by counsel, *In re Chu*, 66 F.3d 292, 299, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995), or by way of an affidavit or declaration under 37 CFR 1.132, *e.g., Soni*, 54 F.3d at 750, 34 USPQ2d at 1687; *In re Piasecki*, 745 F.2d 1468, 1474, 223 USPQ

> 785, 789-90 (Fed. Cir. 1984). However, arguments of counsel cannot take the place of factually supported objective evidence. *See, e.g., In re Huang*, 100 F.3d 135, 139-40, 40 USPQ2d 1685, 1689 (Fed. Cir. 1996); *In re De Blauwe*, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed. Cir. 1984)." MPEP 2145.

Applicants note that the language of MPEP 2145 does not specify any particular procedure to present secondary evidence when acting as counsel. Further, the "or" language of MPEP 2145 implies that there are no requirements that arguments of counsel be presented in the specification or by way of an affidavit or declaration. Here, Applicants complied with MPEP 2145 through the presentation of the Big Boss Grill Literature in: (1) Responses to Office Actions (*see* Appx287, Appx289, Appx305, and Appx307), (2) in the Appeal Brief (*See* Appx315, Appx318, and Appx323), and (3) again in Oral Argument (*see* Appx394 and Appx398-399).

Moreover, the Examiner added non-patent literature from Big Boss Grill.com to the record on July 25, 2019 (*See*Appx257-267). The Big Boss Grill website is directed to the Big Boss Grill Product and thus, *ipso facto*, has included the manual and all the literature that accompanies and is a part of the product. Indeed, the Examiner relied on this reference in the August 28, 2019 Advisory Action, explaining that "[a]lso, if the applicant were to visit the current version of https://www.bigbossgrill.com/ the video clearly shows that the plates are removable and that the griddle has a smooth surface. Even though the video does

not appear in the web archived website with a prior art date of 2010, the video is representative of the Big Boss Grill itself. Therefore, one would expect that it accurately describes the material that was present in the archived version." (Appx263). The referenced video was being offered incorrectly and out of context. The Examiner's reliance on this video is misplaced. Contrary to the contention purportedly advanced by the Examiner, the video does not support the notion that the plates may be mixed and matched as suggested by Krepshaw as it does not show such use. Indeed, the Examiner is extrapolating this assertion where it does not exist.

The Big Boss Grill Literature was introduced by Applicants to further define and clarify the context, and in sharp contrast to the Examiner's argument, the Big Boss Grill Literature specifically warns against using the product in any manner other than it was designed to be used. As such, Applicants therefore had the reasonable expectation that the Big Boss Grill Literature was a part of that record and correctly relied on this reference in arguing against the rejection by advancing these precise contentions throughout. Thus, to deny Applicants' introduction of such relevant evidence will in turn force the Court to review the questions presented in a vacuum, which is in stark contrast to the USPTO's true mission.

Still further, while an Appellate Court may consider only the record as it was made in the underlying proceeding, pursuant Rule 201(b)(2) of the Federal Rules

of Evidence, such a Court may take judicial notice of the fact that a filing was made before the PTAB. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1312-1313 (Fed. Cir. 2014) (concluding that the Court had not improperly expanded the record on appeal by considering a Motion to Amend the Patent Claims filed in a concurrent PTAB Proceeding). Accordingly, this Court, at the very least, must take Judicial Notice of the fact that the Big Boss Grill Literature was referenced in the prosecution of the underlying patent and is thus part of the record.

## III. The Board Did Not Support the Finding of Obviousness With Adequate Evidentiary Basis.

### a. The Skilled Artisan Would Have Had No Reasonable Expectation of Successfully Producing a Smooth-Sided Waffle By Combining the Cited References.

This Court has previously warned against impermissible "hindsight claims of obviousness" where "there is nothing to indicate that a skilled artisan would have had a reasonable expectation" of success in achieving the claimed invention. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1070-71 (Fed. Cir. 2012) (quotation omitted). The Board must also guard against hindsight bias by considering secondary considerations of nonobviousness.

Accurately defining the claimed invention is crucial to assessing whether a person of skill in the art reasonably would have expected success in combining prior

art teachings, as the "reasonable expectation of success requirement refers to the likelihood of success in combining references to meet the limitations of the claimed invention." *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, No. 2015-1693 821 F.3d 1359, 1380 (Fed. Cir. May 9, 2016). Moreover, "the expectation of success must be founded in the prior art," which includes "the full field of the invention" as "the person of ordinary skill is charged with knowledge of the entire body of technological literature, including that which might lead away from the claimed invention." *In re Dow Chem. Co.,* 837 F.2d 469, 473 (Fed. Cir. 1988).

Beyond looking to the prior art to determine if it suggests doing what the inventor has done, one must also consider if the art or other appropriate evidence provides the required expectation of succeeding in that endeavor. *See In re Dow Chem. Co.*, 837 F.2d 469, 473 (Fed. Cir. 1988) ("Both the suggestion and the expectation of success must be founded in the prior art, not in applicant's disclosure."). *In re Clinton*, 527 F.2d 1226, 1228 (CCPA 1976) ("Obviousness does not require absolute predictability, but a reasonable expectation of success is necessary.").

As demonstrated through the portion of Krepshaw's disclosure reproduced below, Krepshaw does not provide the requisite expectation of success:

> "… OK, the Emerson Big Boss Grill probably wasn't designed with one-sided waffles in mind, but with 12 interchangeable grill plates, the possibility now exists. What the grill was designed for is apparent: a do-it-all indoor grill capable of producing a variety of popular items. Other than the already mentioned waffle grill plates, the additional ones include: grill, griddle, sandwich, omelet, and even one with

> round impressions for cooking doughnuts. Now I don't know if trying to make one-sided waffles would just end up being a messy batter explosion, but I do know it's the first thing I'd try--either that or waffled doughnuts, a creation, I think, whose time has come." (Emphasis added.) Appx211.

Krepshaw recognizes immediately that the "Big Boss Grill probably wasn't designed with one-sided waffles in mind…". *See id*. In fact, he acknowledges that he is uncertain whether combining dissimilar plates in a Big Boss Grill would "just end up being a messy batter explosion" or would yield a waffle product with one smooth surface in accordance with Applicants' claimed invention. *Id.*

What is certain is that Krepshaw was speculating as to the attraction of what trying various combinations of the various plates might produce. Krepshaw's whimsical discussion exceeds anything disclosed or considered by the manufacturer, who either never intended for its product to make a single-sided waffle using a Big Boss Grill or failed to do so successfully, and who specifically cautions against such experimentation with the grill set (*See* Appx446-452). If anything, Krepshaw demonstrates a need for the invention claimed in the Application under consideration.

The Board thus erred when it construed Krepshaw's statement as a suggestion to make a one-sided waffle by mixing and matching the plates. Rather, it is purely entertainment relying on mere speculation that a combination might be workable without any showing of facts to support this assertion or any real reason

to try. Further, it shows that a person having ordinary skill in the art believes that a likely result to be a “messy batter explosion” rather than a smooth or donut sided hybrid waffle product. Appx211.

Still further, the makers of the Big Boss Grill are experts in the art of simultaneous two-sided cooking and would be the direct financial beneficiaries of expanding such product’s versatility. Notwithstanding, the fact that suggesting the idea of combining their plates in dissimilar combinations did not occur to them is indicative of just how little merit Krepshaw’s speculation warrants.

At best, Krepshaw validates the need for Applicants’ invention. Krepshaw has never been reduced to practice and further has no reasonable likelihood of success. Applicants’ invention, on the other hand, fulfills the need for the one-sided waffle, having one smooth side and one waffle pattern side, and has been successfully reduced to practice.

To this day, no one is known to have used a Big Boss Grill in the manner considered by Krepshaw; most notably the Big Boss Grill’s manufacturer and certainly not Krepshaw nor the Examiner or the Board. The Examiner’s holding of anticipation by Krepshaw, and the Board’s affirmation of the same, is based on pure speculation and fanciful extrapolation by the Examiner. Indeed, even Krepshaw admits his doubts as to whether the Big Boss Grill is capable of making a waffle product comprising one smooth surface.

Additionally, because a) the disclosure of Krepshaw is speculative at best and the plate combinations disclosed have never been reduced to practice; b) Krepshaw never explicitly teaches to combine a waffle plate with a griddle plate, only that a waffle plate might be combined with any one of the other plates, i.e., a grill plate, a griddle plate, a sandwich plate, a doughnut plate, or an omelet plate; and c) Krepshaw himself casts doubt on the results of any such combination, the Examiner's holding, and the Board's affirmation of the same, is purely speculative hindsight in view of the incomplete disclosure of Krepshaw. *See In re Dow Chem.*, 837 F.2d at 473; *See also In re Clinton*, 527 F.2d at 1228.

Examiner's rejection and the Board's affirmation of the rejection under 35 USC § 103 also fails because Emerson, as experts in the art of two-sided grilling, when presented with the possibilities offered by the Big Boss Grill, either: (1) failed to see the potential configuration of grill plates defined by Applicants' claimed invention or more likely, (2) failed to ever successfully produce a desirable end product. *W.L. Gore & Assocs., Inc.*, 721 F.2d at 1553 ("It is … necessary that the decision maker … cast the mind back to the time the invention was made, to occupy the mind of one skilled in the art who is presented only with the references, and who is normally guided by the then-accepted wisdom in the art. Had that been here done the inventions set forth … could only have been held non-obvious to those skilled in the art at the time those claimed inventions were made.").

In dismissing Applicants' arguments, the Board made a critical error in arguing that a person of skill in the art would have been motivated to modify or combine the references. Appx1-7. Nothing in the prior art establishes an expectation that either making modifications of Krepshaw or adjusting the amount, consistency or depth of batter would produce a smooth sided waffle product. The Board compounds this error when it asked if a person of skill in the art would combine the backing plates or adjust the amount, consistency, or depth of the batter to make a claimed one-sided waffle. Appx5. Instead, the Board should have inquired whether a person of skill in the art would have reasonably expected to succeed. *See L.A. Biomedical Research Inst. At Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.,* 849 F. 3d 1049, 1067-1068 (Fed. Cir. 2017) ("Because the Board did not make factual findings as to whether there was an apparent reason to combine the prior art references . . . and whether a person of skill in the art would have had a reasonable expectation of success from such a combination, we remand this case to the Board.") *See also Innovation Toys, LLC v. MGA*, 611 F. App'x 693 (Fed Cir. 2015).

The Board again erred by allowing Examiner to attempt to cure the defect by improperly rejecting Krepshaw in view of Freeman. Even if this were permissible, the combination still fails to cure the deficiency. Freeman discloses griddle plates <u>fixedly mounted</u> to a housing and base, which are operable to distally mate with girds, thereby producing two-sided waffle products with substantially identical

sides. Appx443. There is no teaching in Freeman that such plates are removable, and it would not have been possible to substitute the smooth plates of Krepshaw as the griddle plates fixedly mounted to a housing assembly and base. *See* Appx439-445. Even assuming *arguendo,* that such a combination were possible, there is no reason to conclude that the resulting combination would produce no more than "a messy batter explosion." The Board still fails to resolve the critical question whether a person of skill in the art would have reasonably expected to succeed in producing a waffle product where the second positive relief pattern is a smooth surface by combining Krepshaw in view of Freeman. Given Krepshaw's statement to the contrary, the answer must be that there could be no reasonable expectation of success.

**b. Applicants' Invention Produces Unexpected Results in View of the Prior Art.**

When a combination of prior art elements results in an invention with unexpectedly improved performance or properties, such "unexpected results" (*See In Re Soni,* 54 F.3d 746 (Fed Cir. 1995)) tend to establish that the invention would not have been obvious. The Board fails to consider evidence of unexpected results by contending that literature duly submitted is not part of the record and then refuses to address evidence showing unexpected results ("Appellant further argues that the claimed one-sided waffle is superior to prior art waffles . . . Whether or not this is correct, it does not meaningfully address or

otherwise rebut the Examiner's findings . . ." Appx5). As discussed in the subject application's specification, an inferior type of one-sided waffle is known in the art, teaching an intermediate double-sided waffle having a relatively thick central portion and relatively shallow waffle indentations which is sliced equatorially to yield two one-sided waffles, each having a baked waffle surface and a sliced bread surface (*See* Appx11-13).

Two drawbacks of the resulting matched set of one-sided waffle slices, which are resolved by the present invention, are a) that the waffle indentations are substantially shallower than those of a standard waffle to allow for providing half of the thicker central portion to each waffle slice; and b) that the flat side formed by slicing through the middle of the intermediate waffle yields a raw bread surface formed in the central and therefore is the least-baked portion of the intermediate waffle. Dzieduszycki goes on to acknowledge that toasting of the raw bread surface after slicing and prior to using a one-sided waffle slice improves the integrity and cohesion of the slice but requires an additional cooking step.

Hence, what is needed in the art is a waffle product cooked in a single step wherein a waffle pattern is baked into the surface of a first side and a different pattern, preferably a smooth surface, is baked into the surface of the opposite side. Thus, the present invention satisfies a long-standing need to overcome the shortcomings of the prior art inferior one-sided waffle product.

The Board thus misses the mark; the unexpected result here is not, as the Board seems to suggest, a one-sided waffle having places on the "bottom side" to hold butter and syrup, but rather a difference in waffle product design. Appx5. That is a superior waffle product having a smooth side and not a "messy batter explosion." It is hard to envision what could be more unexpected than an invention that does the opposite of what the prior art predicted.

**c. The Cited Prior Art Teaches Away.**

Whether motivation to combine exists also must take into consideration whether any of the references to be combined actually teach away from the claimed invention. ("If a person of ordinary skill in the art reviewing a prior art reference would be discouraged from pursuing the claimed solution because the reference "suggests that the developments flowing from its disclosures are unlikely to produce the objective of the applicant's invention," the reference is said to "teach away.") *Syntex (U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1380 (Fed. Cir. 2005) (*citing In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994)). A prior art reference evidences teaching away if it "criticize[s], discredit[s], or otherwise discourage[s] the solution claimed." *In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004).

As taught by Big Boss Grill Literature, the sole function of each plate in the prior art is to form a first surface of a food product identical to the second surface of that food product. Appx446-452. By extolling the virtues of using the

removable plates only in identical pairs, the Big Boss Grill Literature effectively teaches away from using two plates having different patterns. *See In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986) (holding that proceeding contrary to the accepted wisdom in the art represents "strong evidence of unobviousness."); *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1552 (Fed. Cir. 1983) (prior art teaching that conventional polypropylene should have reduced crystallinity before stretching and should undergo slow stretching taught away from claimed process of producing porous article by expanding highly crystalline PTFE by rapid stretching).

Further, a careful review of the various grill plates' differing borders seem to work with and complement its partner plate to best accomplish its desired function and otherwise would suggest a lack of compatibility. Specifically, there are no borders on the flat grill plates to work with and maintain the flow of batter within the designated waffle impressions on the waffle plates.

The Board maintains that because secondary evidence, of which they had been made aware, is not of record, that Claim 1 is obvious in view of Krepshaw in view of Freeman. This argument fails in two respects, 1) the secondary evidence of Big Boss Grill Literature plainly teaches away from a finding of obviousness, and 2) the rejection of Krepshaw in view of Freeman is impermissible and incorrect.

## CONCLUSION

The Board's decision affirming the rejection of Applicants' claimed invention should be reversed and the case remanded for further proceedings.

## REASONS TO GRANT ORAL ARGUMENT

Applicants assert that oral argument should be granted because, as discussed below, there are fundamental issues of law that need to be resolved.

Respectfully submitted,

/s/ *Todd S. Sharinn*

Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
1011 High Ridge Road, Suite 305
Stamford, Connecticut 06905
(203) 295-7276

*Attorneys for Appellants*

# ADDENDUM

## TABLE OF CONTENTS
**Brief Addendum**

**Page:**

**Decision on Appeal**
**filed May 20, 2021 ........................................................................ Appx1**

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

*Ex parte* JUSTIN SAMUELS and SAMUEL ROCKWELL

---

Appeal 2021-000092
Application 15/168,768
Technology Center 1700

---

Before DONNA M. PRAISS, N. WHITNEY WILSON, and MONTÉ T. SQUIRE, *Administrative Patent Judges.*

WILSON, *Administrative Patent Judge.*

## DECISION ON APPEAL

Pursuant to 35 U.S.C. § 134(a), Appellant[1] appeals from the Examiner's July 25, 2019 decision to finally reject claim 1[2] ("Final Act."). A telephonic hearing was held on May 17, 2021. A transcript of the hearing will be made part of the record. We have jurisdiction under 35 U.S.C. § 6(b).

We affirm.

---

[1] We use the word Appellant to refer to "applicant" as defined in 37 C.F.R. § 1.42. Appellant identifies the real party in interest as Justin Samuels, Samuel Rockwell, and WaffleWaffle, LLC (Appeal Br. 1).

[2] Claims 1 and 8, the only then-pending claims, were rejected in the Final Action, but claim 8 was canceled in an Amendment After Final Action filed September 12, 2019. Thus, claim 1 is the only pending claim and the only claim on appeal.

CLAIMED SUBJECT MATTER

Appellant's disclosure is directed, in part, to "an asymmetrical planar bread food product" (Abstract). The claimed subject matter is directed to such a product, which might otherwise be called a one-sided waffle, having one side with a smooth surface and one side with a waffle pattern (*id.*). Claim 1, reproduced below from the Claims Appendix, is illustrative of the claimed subject matter:

> 1. An asymmetrical planar waffle product, comprising:
>
> a first patterned baked surface that is a negative image of a first positive relief pattern in an associated first baking plate, and a second patterned baked surface that is a negative image of a second positive relief pattern in an associated second baking plate,
>
> wherein said first and second patterned baked surfaces have been formed by exposing a waffle-forming material directly against said respective first and second positive relief patterns,
>
> wherein said waffle-forming material is selected from the group consisting of batter and dough,
>
> wherein said first positive relief pattern is a waffle pattern,
>
> wherein said second positive relief pattern is a smooth surface, and
>
> wherein at least one of said first and second baking plates further comprises a stop extending above said first and second positive relief pattern to limit proximity of said baking plates to each other, thereby defining a chamber therebetween for receiving said waffle-forming material.

REFERENCES

The prior art relied upon by the Examiner is:

| Name | Reference | Date |
|---|---|---|
| Freeman | US 3,799,047 | March 26, 1974 |
| Krepshaw, "Mix-and-match grill begs for mixing, not matching," C/Net Review, https:www.wet.com/news/mix-and-match-grill-begs-for-mixing-not-matching/ (February 2, 2010) ("Krepshaw") | | |

REJECTION

Claim 1 is rejected under 35 U.S.C. § 103 as unpatentable over Krepshaw in view of Freeman.

OPINION

The Examiner finds that Krepshaw teaches a one-sided waffle formed from a grilling apparatus which comprises interchangeable, removable plates (the Big Boss Grill) (Ans. 4). The Examiner further finds that the plates include one with a waffle pattern and some that include a smooth, flat surface (i.e. the sandwich and griddle plates) (*id.*). Krepshaw states:

> Oh, sure, every waffle iron produces different waffles, as they all vary in size and shape, but when it comes right down to it, they are basically two-sided butter and syrup holders. Since any waffle known to man can only actually hold butter and syrup on one side at a time in its convenient pockets, perhaps it's time to consider the one-sided waffle. . . . *Now I don't know if trying to make one-sided waffles would just end up being a messy batter explosion, but I do know it's the first thing I'd try*.

(Krepshaw 1, emphasis added). The Examiner finds that based on Krepshaw, a person of skill in the art would have been motivated to make a one-sided waffle using the mix-and-match grill plates to form a smooth side and a waffled side. While Krepshaw does mention making a one-sided

waffle using batter, the Examiner cites Freeman as teaching the use of batter to form waffles, and determines that it would have been obvious to make the waffles described by Krepshaw using batter because batter is a conventional waffle forming material (Ans. 5).

Appellant first argues that "[n]one of the disclosures for the Big Boss Grill cited by the Examiner suggests or discloses that two plates of differing patterns may be used in combination to produce" the claimed one-sided waffle (Appeal Br. 7–8). This argument is not persuasive. Claim 1 is directed to the asymmetrical baked bread product (i.e., the one-sided waffle), not the device for making such a product. Accordingly, whether documentation pertaining to the Big Boss Grill discloses, encourages, or discourages, its use to form one-sided waffles is not central to the issue of the obviousness of claim 1.[3] Indeed, as pointed out by the Examiner (Ans. 6), the rejection is an obviousness rejection over Krepshaw in view of Freeman. Krepshaw explicitly states that "Now I don't know if trying to make one-sided waffles would just end up being a messy batter explosion, but I do know it's the first thing I'd try." In our view, this language makes plain that Krepshaw suggests making a one-sided waffle.

Appellant also argues that the various plate pairs from the Big Boss Grill are designed to work together, so that a person of skill in the art would not have been led to mix and match the plates (Appeal Br. 8). However, this

---

[3] During the oral hearing, Appellant's counsel made reference to and quoted passages from documentation pertaining to the Big Boss Grill in an effort to show that the Big Boss Grill discourages and/or teaches away from mixing and matching the grill plates as suggested by Krepshaw. This documentation, however, is not of record and, therefore, will not be considered as evidence by the Board.

argument does not account for the teaching in Krepshaw discussed above to do exactly that: mix and match the plates.

Appellant also contends that "Krepshaw never defines what is meant by a 'one sided waffle' except that the side opposite the waffle side differs therefrom" (Appeal Br. 9). This argument is not consistent with the teachings of Krepshaw and is not, therefore, persuasive of reversible error. In particular, Krepshaw specifically states that there is no reason to have places on the "bottom" side of the one-sided waffle to hold butter and syrup (Krepshaw, 1). This would have suggested that the "bottom" of the waffle would be smooth, which would be achievable with several of the plates from the Big Boss Grill.

Appellant further argues that the claimed one-sided waffle is superior to prior art waffles (Appeal Br. 9–10). Whether or not this is correct, it does not meaningfully address or otherwise rebut the Examiner's findings that support the obviousness rejection, which a preponderance of the evidence supports.

Appellant also argues (Appeal Br. 10) that Krepshaw does not enable a one-sided waffle because there is no reason to expect that the Big Boss Grill could make such a waffle without creating "a messy batter explosion." We do not find this argument persuasive. Rather, on this record, we agree with the Examiner (Ans. 8) that a person of skill in the art would have adjusted the amount, consistency, or depth of the batter to be able to make a claimed one-sided waffle, even if doing so created a mess.

Appellant argues that the Big Boss Grill literature fails to teach the combination of baking plates necessary to make the claimed one-sided waffle, and implicitly teaches away from such a combination (Appeal Br.

13). This argument is not persuasive of reversible error for several reasons. First, as noted above, the rejection is over Krepshaw in view of Freeman, not Big Boss Grill. Thus, the teachings of literature relating to the Big Boss Grill are not dispositive. Moreover, such literature is not of record in the present appeal and will not, therefore, be considered. Finally, even if the literature were silent with respect to mixing and matching the grill plates, this would not be a teaching away absent a clear instruction not to do so.[4]

Accordingly, based on the evidence of record, the Appeal Brief, the Answer, and arguments made on Appellant's behalf at the telephonic hearing, we determine that Appellant has not demonstrated reversible error in the rejection.

## DECISION SUMMARY

In summary:

| Claim(s) Rejected | 35 U.S.C. § | Reference(s)/Basis | Affirmed | Reversed |
|---|---|---|---|---|
| 1 | 103 | Krepshaw, Freeman | 1 | |

## TIME PERIOD FOR RESPONSE

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 1.136(a)(1)(iv).

[4] Merely stating that two plates must be used at all times, which Counsel for Appellant indicated was written in the Big Boss Grill manual (which is not of record), would not teach away from using two different plates.

AFFIRMED

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that, on November 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

/s/ *Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Attorneys for Appellants*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2) because:

   this brief contains 6,047 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(f) and the type style requirements of Fed. R. App. P. 32(b)(2) because:

   this brief has been prepared in proportionally space typeface using Microsoft Word in 14-point Times New Roman.

/s/ *Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Attorneys for Appellants*