# 2021-2166

In The

# United States Court Of Appeals
## For The Federal Circuit

# In re: JUSTIN SAMUELS, SAMUEL ROCKWELL,
*Appellants.*

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**ORIGINATING CASE NO. 15/168,768**

---

# REPLY BRIEF OF APPELLANTS

---

**Todd Steven Sharinn, Esq.,**
**GILBRIDE, TUSA, LAST & SPELLANE LLC**
**31 Brookside Drive**
**Greenwich, CT 06830**
**(203) 542-8418**
**tss@gtlslaw.com**

*Counsel for Appellants*

GibsonMOORE Appellate Services
206 East Cary Street ❖ P.O. Box 1460 (23218) ❖ Richmond, Virginia 23219
(804) 249-7770 ❖ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ........ ii

SUMMARY OF REPLY ........ 1

THE BOARD'S ARGUMENTS FOR OBVIOUSNESS ARE UNSUPPORTED FACTUAL ASSERTIONS AND INCOMPLETE ANALYSIS ........ 3

A. The Board Erred by Failing to Consider the Big Boss Grill Literature ........ 3

B. The Board Erred in its Reasoning of Reasonable Expectation of Success ........ 6

C. The Board Failed to Consider the Existing Evidence That Teaches Away ........ 9

D. The Board Failed to Address Evidence of Unexpected Results ........ 10

CONCLUSION ........ 12

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*In re Chu*,
66 F.3d 292, 36 USPQ2d 1089 (Fed. Cir. 1995) .......... 3

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
676 F.3d 1063 (Fed. Cir. 2012) .......... 7

*In re De Blauwe*,
736 F.2d 699, 222 USPQ 191 (Fed. Cir. 1984) .......... 4

*In re Google Tech. Holdings LLC*,
980 F.3d 858 (Fed. Cir. 2020) .......... 5, 6

*In re Gurley*,
27 F.3d 551 (Fed. Cir. 1994) .......... 10

*In re Hedges*,
783 F.2d 1038 (Fed. Cir. 1986) .......... 10

*In re Huang*,
100 F.3d 135, 40 USPQ2d 1685 (Fed. Cir. 1996) .......... 4

*In re Piasecki*,
745 F.2d 1468, 223 USPQ 785 (Fed. Cir. 1984) .......... 3

*In re Soni*,
54 F.3d 746, 34 USPQ2d 1684 (Fed. Cir. 1995) .......... 3

*In re Stepan Company*,
868 F.3d 1342 (Fed. Cir. 2017) .......... 8

*L.A. Biomedical Research Inst. At Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.*,
849 F.3d 1049 (Fed. Cir. 2017) .......... 9

*Redline Detection, LLC v. Star Envirotech, Inc.*,
811 F.3d 435 (Fed. Cir. 2015) ....................................................................5

*Stratoflex, Inc. v. Aeroquip Corp.*,
713 F.2d 1530 (Fed. Cir. 1983) ..................................................................4

*Syntex (U.S.A.) LLC v. Apotex, Inc.*,
407 F.3d 1371 (Fed. Cir. 2005) ..................................................................10

**Statutes:**

35 U.S.C. § 103 ........................................................................................10

**Other Authorities:**

MPEP § 2145 ..............................................................................................3

**SUMMARY OF REPLY**

Relying on mental gymnastics, inaccurate recitations of fact, unsupportable speculation, and improper hindsight reconstruction, the United States Patent and Trademark Office (the "USPTO") attempts to support the Board's determination of obviousness, all while completely and conveniently disregarding the evidence and arguments presented by Applicants. In so doing, the USPTO, through its argument that Applicants failed to introduce the Big Boss Grill Manual or Recipe Book (the "Big Boss Grill Literature") into the Record, speaks out of both sides of its mouth. More precisely, the USPTO on one hand readily admits that Applicants referenced and relied upon the Big Boss Grill Literature throughout the prosecution of the claimed invention and during the Appeal to the Board. *See* Appellee's Brief at 23. On the other hand and in blatant disregard for this fact, the USPTO argues that Applicant failed to present the Big Boss Grill Literature in support of its arguments to the Board. The USPTO cannot have it both ways.

The USPTO further argues that Applicants failed to submit any evidence demonstrating that there is no reasonable expectation of success. Instead, the USPTO opts to ignore Krepshaw's own warnings that such an endeavor would most likely end up being a "messy batter explosion". Appx211. In its argument, the USPTO improperly engineers its own theories, hypothesizing that the only possible issue that may arise could be fixed by adjusting the amount, consistency, or depth

of the batter. Desperately clinging to its original incorrect conclusion, the Board failed to consider whether the Big Boss Grill was even capable of being used in such a manner. Moreover, the Board improperly ignored the fact that their suggestion will more likely than not require undue experimentation; essentially reinventing what the Applicants have invented here and rightfully seek a patent for.

The USPTO's contention that Applicants failed to present evidence demonstrating that the prior art teaches away from using two plates having different patterns is wrong, disingenuous, and meritless. Krepshaw explicitly discourages mixing and matching the Big Boss Grill plates, stating that doing so would "just end up being a messy batter explosion...". Appx211. Moreover, the USPTO completely misses the mark on Applicants' unexpected results argument, opting to misconstrue Applicants' statements and turn a blind eye to the evidence presented. Notwithstanding, there is nothing more unexpected than an invention that does the opposite of what the prior art and a person of ordinary skill in the art predicted.

By ignoring the evidence presented by Applicants, the Board substituted its opinion for that of a person of ordinary skill in the art. In doing so, the Board's conclusion lacked the requisite evidence and failed to accurately counter Applicants' arguments. Accordingly, the Board's decision should be reversed and remanded.

## THE BOARD'S ARGUMENTS FOR OBVIOUSNESS ARE UNSUPPORTED FACTUAL ASSERTIONS AND INCOMPLETE ANALYSIS

### A. The Board Erred by Failing to Consider the Big Boss Grill Literature.

The USPTO's argument that Applicants never "submitted" the Big Boss Grill Literature is false. The USPTO correctly states that "[b]ecause this court's review of the PTAB's decision is confined to the four corners of that record, it is important that the applicant challenging [that] decision not be permitted to raise arguments on appeal ***that were not presented to the PTAB***." (emphasis added). Appellee's Brief at 22. Here, however, the USPTO readily admits that Applicants did present such arguments. *See* Appellee's Brief at 23. And, in so doing, relied on the Big Boss Grill Literature to support their argument, on multiple occasions during the prosecution of Applicants' claimed invention. *Id.*

Applicant introduced and referenced the Big Boss Grill Literature to further define and clarify the context, and in sharp contrast to the Examiner's argument, the Big Boss Grill Literature specifically warns against using the product in any manner other than how it was designed to be used. Pursuant to MPEP § 2145:

> "Rebuttal evidence and arguments can be presented in the specification, *In re Soni*, 54 F.3d 746, 750, 34 USPQ2d 1684, 1687 (Fed. Cir. 1995), ***by counsel***, *In re Chu*, 66 F.3d 292, 299, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995), or by way of an affidavit or declaration under 37 CFR 1.132, *e.g., Soni*, 54 F.3d at 750, 34 USPQ2d at 1687; *In re Piasecki*, 745 F.2d 1468, 1474, 223 USPQ 785, 789-90 (Fed. Cir. 1984). However, arguments of counsel cannot take the place of factually supported objective evidence. *See, e.g., In re Huang*, 100 F.3d

> 135, 139-40, 40 USPQ2d 1685, 1689 (Fed. Cir. 1996); *In re De Blauwe*, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed. Cir. 1984)."

(emphasis added). Applicants effectively submitted the Big Boss Grill Literature when it presented arguments relying on the Big Boss Grill Literature in: (1) Responses to Office Actions (*see* Appx287, Appx289, Appx305, and Appx307), (2) in the Appeal Brief (*see* Appx315, Appx318, and Appx323), and (3) again in Oral Argument (*see* Appx394 and Appx398-399).

The USPTO's argument that Applicants never explicitly relied on the Big Boss Grill Literature is equally unfounded. The USPTO readily concedes that Applicants relied on the Big Boss Grill Literature before the Board. *See* Appellee's Brief at 24-25 ("Appellants Refer to 'Big Boss product literature' at Appx315.", "Appellants also made reference to '<u>the Big Boss Grill literature</u>' and... 'the published literature on the Big Boss Grill' on Appx318.", "Appellants made reference to 'the Big Boss Grill literature' as well as 'the Big Boss Grill' generally at Appx323.").

Fancy rhetoric and mental gymnastics do not change the facts that Applicants submitted and relied upon the Big Boss Grill Literature and therefore such evidence was erroneously excluded by the Board. *See Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1983) ("...evidence of secondary considerations may often be the most probative and cogent evidence in

the record...It is to be considered as part of all the evidence, not just when the decision maker remains in doubt after reviewing the art.”).

The USPTO relies on *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 450 (Fed. Cir. 2015) and *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) to support its contention that Applicants’ forfeited any challenge to the Board’s decision based on the Big Boss Grill Literature. A careful review reveals that the facts and circumstances of those cases are readily distinguishable from those presented here.

In *Redline Detection, LLC*, the appellant argued the PTAB did not apply the Person Having of Ordinary Skill in the Art (“PHOSITA”) definition in the context of an obviousness analysis and did not consider the common sense or creativity of the person skilled in the art. 811 F.3d at 450. However, the PTAB in its final decision and at oral argument discussed in detail the definition of a PHOSITA and acknowledged appellant argued for the application of a different PHOSITA standard but provided no persuasive alternative. *Id.* On appeal to the Federal Circuit, the appellant argued, for the first time, the application of yet a different PHOSITA standard. *Id.* In sharp contrast, here Applicants’ have submitted arguments relying on and referencing the Big Boss Literature throughout the prosecution of Applicants’ claimed invention and to the Board.

Similarly, in *In re Google Tech. Holdings LLC*, the appellant argued that the Board erred because it relied on incorrect construction of two claim terms. 980 F.3d at 863. However, the appellant "never presented these arguments to the Board" and therefore forfeited those arguments on appeal. *Id.* In the present case, and as the USPTO acknowledged, Applicants submitted its arguments relying upon the Big Boss Grill Literature and referenced the Big Boss Grill Literature both during prosecution and on Appeal to the Board.

Applicants effectively submitted and relied upon the Big Boss Grill Literature during the prosecution of the claimed invention and during appeal to the Board. As such, Applicants had the reasonable expectation that the Big Boss Grill Literature was a part of the record and correctly relied upon this reference in arguing against the rejection by advancing these precise contentions throughout. As such, the Board erred by failing to consider the Big Boss Grill Literature.

### B. The Board Erred in its Reasoning of Reasonable Expectation of Success.

The USPTO cobbles together bits and pieces from the record, and introduces conjecture, speculation, and unsupported assumptions to champion its contention that there is substantial evidence to find a reasonable expectation of success. Indeed, even the author of Krepshaw doubts the success of his suggestion. *See* Appx211. ("Now I don't know if trying to make one-sided waffles would just end up being a messy batter explosion...").

The Board argued that "a person of skill in the art would have adjusted the amount, consistency, or depth of the batter to be able to make a claimed one-sided waffle, even if doing so created a mess." Appx5. Yet, such a proposition improperly assumes that the only possible issue that may arise could be fixed by adjusting the amount, consistency, or depth of the batter. In doing so, the Board failed to consider whether the Big Boss Grill was even capable of being used in such a manner, instead falling into the trap of relying on improper hindsight. Still further, the Board introduced no basis or motivation for a person of ordinary skill in the art to undertake such further experimentation.

This Court has previously warned against impermissible "hindsight claims of obviousness" where "there is nothing to indicate that a skilled artisan would have had a reasonable expectation" of success in achieving the claimed invention. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1070-71 (Fed. Cir. 2012) (quotation omitted). The Board must also guard against hindsight bias by considering secondary considerations of nonobviousness.

Even Krepshaw immediately recognizes that the "Big Boss Grill probably wasn't designed with one-sided waffles in mind." Appx211. Krepshaw's discussion was pure speculation as to the attraction of what trying various combinations of the different plates might produce. There is no evidence in the prior art or submitted by

the Board that using the Big Boss Grill in such a manner would be feasible. Further, Krepshaw convincingly demonstrates that a person having ordinary skill in the art would believe that the likely result would be a "messy batter explosion".

The USPTO argues that the Examiner's explanation that "Krepshaw affords a reasonable expectation of success" because "there is a limited number of plate choices, ... there is a high level of predictability using the big boss grill ... and ... waffle making is a well-known art", satisfies the lofty requisite substantial evidence of reasonable expectation of success necessary to support the Examiner's and the Board's finding. Appellee Brief at 30. Curiously, the Board points to no evidence showing the level of predictability using the Big Boss Grill, especially using the Big Boss Grill in a manner that it was not designed to be used in. Moreover, "to have a reasonable expectation of success, one must be motivated to do more than merely to vary all parameters to try each of numerous possible choices until one possibly arrived at a successful result." *See In re Stepan Company*, 868 F.3d 1342, 1347 (Fed. Cir. 2017).

Here, the Board's and the Examiner's reasoning betrays them since by their own admission successfully achieving the results sought would require substantial experimentation with more than a few plate combinations; all without any indication that success is achievable. Frankly, the Krepshaw reference specifically suggests the opposite.

The Board failed to adequately articulate its reasoning and improperly shifted to Applicants the burden of proving patentability. The Board is required to make findings of relevant facts and present its reasoning in sufficient detail so that the court may conduct meaningful review of the agency action. *See Id.* at 1346. Accordingly, the Board erred in leaping to the conclusion, without presenting any evidence whatsoever, that the Big Boss Grill possess capabilities that are not established in the prior art or any other evidence. *See Id.* (vacating the Board's decision holding claims would have been obvious because the Board failed to adequately articulate its reasoning); *See also L.A. Biomedical Research Inst. At Harbor-UCLA Med. Ctr. V. Eli Lilly & Co.*, 849 F.3d 1049, 1067-68 (Fed. Cir. 2017) ("Because the Board did not make factual findings as to whether there was an apparent reason to combine the prior art references ... and whether a person of skill in the art would have a had a reasonable expectation of success from such combination, we remand this case to the Board.").

### C. The Board Failed to Consider the Existing Evidence That Teaches Away.

The USPTO suggests that "there is no evidence in the record" that teaches away from using two plates having different patterns. Appellee Brief at 33. However, this argument ignores Krepshaw's explicit discouragement that using mixing and matching the Big Boss Grill plates would "just end up being a messy batter explosion...". Appx211. On its face, Krepshaw, the sole prior art reference

relied upon here, teaches away because a person of ordinary skill in the art reviewing Krepshaw would be discouraged from pursing the claimed solution since the Krepshaw product review "suggests that the developments flowing from its disclosures are unlikely to produce the objective of the applicant's invention". *See Syntex (U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1380 (Fed. Cir. 2005) *citing In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994).

Still further, The Big Boss Grill user manual teaches that the sole function of each plate in the prior art is to form a first surface of a food product identical to the second surface of that food product. Appx446-452. By instructing the use of the removable plates only in identical pairs, the Big Boss Grill Literature teaches away from using two plates having different patterns. *See In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986) (holding that proceeding contrary to the accepted wisdom in the art represents "strong evidence of unobviousness.").

**D. The Board Failed to Address Evidence of Unexpected Results.**

The USPTO, like the Board and the Examiner, fails to consider the evidence of unexpected results by contending that the literature duly submitted and relied upon is not part of the record. Adding insult to injury, the Board then blindly refuses to address other evidence presented by the Applicants' showing the likelihood for unexpected results.

The USPTO argues that "Appellants contend that the Board erred by 'fail[ing] to consider evidence of unexpected results,' in particular the Big Boss Grill 'literature.'". Appellee's Brief at 36. The USPTO then states that Applicants "argue that their one-sided waffle achieves unexpected results over the 'one-sided waffle slice' discussed in the Background of their application. *Id*. However, the USPTO misses the mark on Applicants' argument.

While Applicants discuss the "one-sided waffle slice" in their argument regarding unexpected results (which is necessary to conduct a full unexpected results analysis since the one-sided waffle slice is also prior art), Applicants, contrary to the USPTO's misstatements, also present evidence and arguments regarding the Examiner's rejection based on a baked "one-sided waffle" of Krepshaw. *See* Applicants' Brief at 24. ("[T]he unexpected result here is not, as the Board seems to suggest, a one-sided waffle having places on the "bottom side" to hold butter and syrup, but rather a difference in waffle product design. Appx5. That is a superior waffle product having a smooth side and not a "messy batter explosion.").

The Board fails to adequately address Applicants' argument. Instead, the USPTO claims that Applicants have not established unexpected results by factual evidence. *See* Appellee's Brief at 36. However, the evidence pointed to by the Applicants is Krepshaw itself. Krepshaw unequivocally explains that the Big Boss

Grill was not meant for this type of use ("the Emerson Big Boss Grill probably wasn't designed with one-sided waffles in mind..."), and further contends that undertaking any such endeavor would end up a "messy batter explosion". Appx211. This warning is driven home when considered in view of the operating instructions and warning provided by the Big Boss Grill Literature. In sharp contrast, Applicants' claimed invention creates a superior waffle product having a smooth side without risking a "messy better explosion." It is hard to envision what could be more unexpected than an invention that does the opposite of what the prior art predicts.

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that this Court reverse the Board's final decision rejecting Claim 1 under 35 U.S.C. § 103 as unpatentable over Krepshaw in view of Freeman.

Respectfully submitted,

*/s/ Todd S. Sharinn*

Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
31 Brookside Drive
Greenwich, CT 06830
(203) 542-8418
tss@gtlslaw.com

*Counsel for Appellants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on February 3, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

/s/ *Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2) because:

   this brief contains 2,737 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(f) and the type style requirements of Fed. R. App. P. 32(b)(2) because:

   this brief has been prepared in proportionally space typeface using Microsoft Word in 14-point Times New Roman.

/s/ *Todd S. Sharinn*
Todd S. Sharinn
GILBRIDE, TUSA, LAST & SPELLANE, LLC
*Counsel for Appellants*