NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: JUSTIN SAMUELS, SAMUEL ROCKWELL,**
*Appellants*

---

2021-2166

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/168,768.

---

Decided: March 6, 2024

---

TODD STEVEN SHARINN, Gilbride, Tusa, Last & Spellane LLC, Greenwich, CT, for appellants.

PETER J. AYERS, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal. Also represented by OMAR FAROOQ AMIN, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Appellants Justin Samuels and Samuel Rockwell filed U.S. Patent Application No. 15/168,768, titled "Asymmetrically Patterned Baked Bread Food" on May 31, 2016. The assigned examiner in the U.S. Patent and Trademark Office rejected claim 1, the only currently pending claim, for

obviousness under 35 U.S.C. § 103, in light of two prior-art references: Krepshaw (an article in the internet publication CNET) and Freeman (U.S. Patent No. 3,799,047). J.A. 336, 325, 211 (Krepshaw), 439 (Freeman). The Patent Trial and Appeal Board affirmed the examiner's rejection. *Ex Parte Justin Samuels & Samuel Rockwell*, No. 2021-000092, 2021 WL 2103345, at *3 (P.T.A.B. May 20, 2021) (*PTAB Decision*). The applicants timely appealed. We have jurisdiction. 28 U.S.C. § 1295(a)(4); 35 U.S.C. § 141(a). We affirm.

## I

The '768 application describes an asymmetrical planar waffle, which has a first-pattern baked surface on one side and a different-pattern baked surface on the other side, and which can be formed by using a waffle iron having two differently patterned baking plates. J.A. 11, 13–14. Claim 1 recites:

> 1. An asymmetrical planar waffle product, comprising:
>
> a first patterned baked surface that is a negative image of a first positive relief pattern in an associated first baking plate, and a second patterned baked surface that is a negative image of a second positive relief pattern in an associated second baking plate,
>
> wherein said first and second patterned baked surfaces have been formed by exposing a waffle-forming material directly against said respective first and second positive relief patterns,
>
> wherein said waffle-forming material is selected from the group consisting of batter and dough,
>
> wherein said first positive relief pattern is a waffle pattern,

> wherein said second positive relief pattern is a smooth surface, and
>
> wherein at least one of said first and second baking plates further comprises a stop extending above said first and second positive relief pattern to limit proximity of said baking plates to each other, thereby defining a chamber therebetween for receiving said waffle-forming material.

J.A. 325. The key prior-art reference, Krepshaw, is a published review of a grill press, called the Emson Big Boss Grill, that has a variety of interchangeable grill plates. Krepshaw, titled "Mix-and-match grill begs for mixing, not matching," states, in relevant part:

> Since any waffle known to man can only actually hold butter and syrup on one side at a time in its convenient pockets, perhaps it's time to consider the one-sided waffle.
>
> OK, the Emson Big Boss Grill probably wasn't designed with one-sided waffles in mind, but with 12 interchangeable grill plates, the possibility now exists . . . . Now I don't know if trying to make one-sided waffles would just end up being a messy batter explosion, but I do know it's the first thing I'd try[.]

J.A. 211. The second prior-art reference, Freeman, discloses using batter to make waffles in a conventional waffle maker. J.A. 439, 443.

Throughout prosecution, the examiner rejected the claims of the '768 application as unpatentable for obviousness over Krepshaw and Freeman, explaining that Krepshaw teaches making a one-sided waffle (patterned on one side, flat on the other) and Freeman teaches using batter. *See* J.A. 221, 260–61, 336. The Board affirmed the examiner and determined claim 1 to be unpatentable for obviousness over Krepshaw and Freeman. In particular, the

Board determined that Krepshaw suggested making a one-sided waffle and a relevant artisan could have adjusted Freeman's batter to make such a one-sided waffle using Krepshaw's grill. *PTAB Decision*, at *2–3.

II

We review the Board's legal determinations without deference, *In re Elsner,* 381 F.3d 1125, 1127 (Fed. Cir. 2004), but we uphold the Board's factual findings if they are supported by substantial evidence, *In re Gartside,* 203 F.3d 1305, 1316 (Fed. Cir. 2000). Obviousness is a "question of law based on underlying findings of fact," *id.*, and how to understand the prior art, whether a relevant artisan would have had a reason to combine the prior art to achieve the claimed invention, and whether there would have been a reasonable expectation of success in doing so are fact issues, *TQ Delta, LLC v. CISCO Systems, Inc.*, 942 F.3d 1352, 1357 (Fed. Cir. 2019).

Substantial evidence supports the Board's determination that Krepshaw discloses to a relevant artisan each limitation of claim 1 of the '768 application other than the batter limitation, which is disclosed by Freeman. Krepshaw's title, "Mix-and-match grill *begs for mixing*, not matching," itself suggests mixing Krepshaw's "six different *interchangeable* grill plates," one of which is a waffle plate and several others of which are substantially flat plates. J.A. 211 (emphases added). Krepshaw also itself affirmatively suggests doing so, saying "[s]ince any waffle known to man can only actually hold butter and syrup on one side at a time in its convenient pockets, perhaps it's time to consider the one-sided waffle." J.A. 211. Krepshaw adds that the one-sided waffle is "the first thing I'd try." J.A. 211.

Appellants argue that a skilled artisan would have had no reasonable expectation of success using the Big Boss Grill to produce a one-sided waffle with batter. Samuels Opening Br. at 16. Krepshaw itself notes "the . . . Big Boss Grill probably wasn't designed with one-sided waffles in

mind" and acknowledges the possibility of a "messy batter explosion." J.A. 211. But such a mere possibility of failure, in this context, does not mean that there is no reasonable expectation of success. Krepshaw expressly discloses "mixing, not matching," shows "six different interchangeable grill plates" for doing so, and concludes the "possibility" of the one-side waffle "now exists." J.A. 211. And the experimentation involved is trivial. To deny that the Board could reasonably find a reasonable expectation of success here would require giving that standard a meaning not compelled by precedent and indeed inconsistent with the *KSR International Co. v. Teleflex Inc.* approval of "obvious to try" in related circumstances. 550 U.S. 398, 421 (2007); *see Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1364 (Fed. Cir. 2007) ("[O]nly a reasonable expectation of success, not a guarantee, is needed.").

Appellants also argue that their invention produces unexpected results because it creates a one-sided waffle that is cooked on both sides. Samuels Opening Br. at 22. Again, there is evidence the Board could credit that suggests this result was expected: Krepshaw points to a griddle with "six different interchangeable grill plates," which would cook the one-sided waffle on both sides. J.A. 211.

III

Appellants argue that the examiner and the Board committed consequential procedural errors. We see no reversible error.

First, appellants argue that the examiner failed to provide adequate notice of her reliance on Freeman before her rejection of claim 1 as unpatentable for obviousness over Krepshaw in view of Freeman in her advisory action, which issued after appellants filed their appeal brief before the Board. Appellants also argue that the Board compounded this error by maintaining the examiner's rejection. Samuels Opening Br. at 11. We reject this challenge.

Appellants had adequate notice and "'fair opportunity to react to the thrust of the rejection'" being reviewed, and then adopted, by the Board. *In re Jung*, 637 F.3d 1356, 1365 (Fed. Cir. 2011) (quoting *In re Kronig*, 539 F.2d 1300, 1302 (CCPA 1976)). The examiner first relied on Freeman to teach the batter limitation (of claims 8 and 9) in her non-final rejection. J.A. 221. Appellants substantively responded, and the examiner maintained her rejection in view of Freeman (for claim 8) in her final rejection. J.A. 239–40, 261. Then appellants voluntarily amended claim 1 to include the claim 8 batter limitation (while dropping claim 8), J.A. 300–02; and the examiner, in the ensuing advisory action, accepted the amendments and specified that "claim 1 is now rejected over Krepshaw in view of Freeman since Freeman was relied upon to teach the batter limitation of claim 8." J.A. 336. By that time, appellants had filed their opening brief to the Board. *See* J.A. 275. When the examiner, in her answer to the Board, relied on the Krepshaw-Freeman combination to reject claim 1, the combination was hardly new. *See* J.A. 342–43. And appellants had two months in which to file a reply brief and address the Krepshaw-Freeman combination. *See* 37 C.F.R. § 41.41. It never did. *See* J.A. 10. Nor, after the Board relied on this Krepshaw-Freeman combination, did appellants request a rehearing of the Board's decision as improperly relying on a new ground of rejection. *See* 37 C.F.R. §§ 41.52(a)(4), 41.50(c); *see also* J.A. 10.

Next, appellants argue that the Board improperly refused to consider evidence when it did not consider an instruction manual and recipe book associated with the Big Boss Grill (the subject of Krepshaw). Appellants also argue that we must take judicial notice of those items. Samuels Opening Br. at 13. We also reject this challenge.

The Board did not commit the asserted error, because the Big Boss Grill instruction manual and recipe book were not timely introduced into the record. *See* 37 C.F.R. § 41.37(c)(2). To be sure, the examiner, in her final

rejection, referred to the Big Boss Grill website; and appellants, in their responses after final office action, referred to some "disclosure" and "literature" involving the Big Boss Grill and, in their appeal brief to the Board, referred again to "literature" for the Big Boss Grill and to the Big Boss Grill website. *See* J.A. 262–63, 287, 289, 303–08, 314–15. But the Big Boss Grill instruction manual and recipe book were not themselves referred to until oral argument in front of the Board. And at the oral argument, counsel for appellants admitted that the Big Boss Grill manual "was never submitted," and "[a]s far as [he] recall[ed]," was not part of the record. J.A. 394, 399–400.

In any event, even if the Board's refusal to consider the Big Boss Grill instruction manual and recipe book was erroneous, that error was harmless. The only argument made by appellants in this court about those items is that they teach away from using two plates having different patterns. But teaching away is a demanding standard, requiring distinctly negative teachings that go beyond even expressing a preference for an alternative. *See Adapt Pharma Operations Ltd. v. Teva Pharmaceuticals USA, Inc.*, 25 F.4th 1354, 1370 (Fed. Cir. 2022). Appellants quote nothing from the instruction manual or the recipe book that could reasonably be found to meet that standard. *See* J.A. 449, 451, 455. Even if we were to take judicial notice of the Big Boss Grill instruction manual and recipe book, we see nothing in them, as supplied to us, that could reasonably constitute a teaching away from use of two plates having different patterns.

## IV

The decision of the Board is affirmed.

**AFFIRMED**